UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY ROY FRITZ,

        Petitioner,

v.                           Case No. 4:23-cv-13058
                                 F. Kay Behm
                                 United States District Judge

RANDEE REWERTS,

        Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR
WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND GRANTING
LEAVE TO APPEAL _IN FORMA PAUPERIS_**

Billy Roy Fritz, ("Petitioner"), incarcerated at the Lakeland Correctional

Facility in Coldwater, Michigan, filed a _pro se_ petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction for false

pretenses (value of $50,000 or more but less than $100,000), Mich. Comp. Laws

§ 750.218(6)(a), being an unlicensed residential builder, Mich. Comp. Laws

§ 339.601(6), and being a third-offense habitual offender, Mich. Comp. Laws

§ 769.11.

For the reasons that follow, the petition for writ of habeas corpus is

**DENIED WITH PREJUDICE**.

1

# I.    Background

Petitioner was convicted following a jury trial in the Tuscola County Circuit Court.  This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This appeal arose from defendant's systematic defrauding of 86–year-old Virginia Batterbee. During a period of only seven months, he obtained over $114,000 from her under the guise of performing home repairs. At first, Batterbee employed defendant to do some minor yardwork. After that, defendant talked Batterbee into hiring him to repair a segment of her roof. Following that, defendant fostered a personal relationship with Batterbee and continued to find odd jobs around Batterbee's home that he insisted needed to be performed. Batterbee was unable to observe much of the work defendant claimed to be doing because of her advanced age.
>
> Defendant always insisted on payment upfront, and Batterbee never received anything in writing. From September 2014 until April 2015, Batterbee drained her entire life savings to pay for defendant's services. At that point, defendant suggested that Batterbee begin paying him using her credit card. Between April 2015 and May 2015, defendant charged over $18,000 to Batterbee's credit card. At trial, a registered building inspector who assisted the Michigan State Police in its investigation estimated that the repairs done were worth a "[c]ouple hundred dollars." Batterbee's son estimated that Batterbee's home was not worth more than $30,000.
>
> ***
>
> Before trial, the prosecution notified the court of its intention to call Sally Cummings, a prior customer of

2

> defendant's, to testify about her experience with
> defendant's handyman service. The court deemed the
> testimony admissible. At trial, Cummings testified that
> she had also paid defendant up front by check and that
> after she hired him, defendant continued finding various
> jobs that he offered to do for her. However, each job that
> defendant performed was done incorrectly. After
> Cummings began asking defendant for receipts he "left
> and never came back," although she had paid him in
> advance for work he did not complete. Cummings sued
> defendant in small claims court.

*People v. Fritz*, No. 336111, 2018 WL 843048, at * 1, 4 (Mich. Ct. App. Feb. 13,

2018).

This court supplements the facts quoted above by reciting verbatim

additional  facts regarding Petitioner's conviction from the trial judge's opinion

denying Petitioner's post-conviction motion for relief from judgment, which are

also presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See,*

*e.g., Simpson v. Warren,* 662 F. Supp. 2d 835, 841 (E.D. Mich. 2009):

> The information provides for a time from of October
> 2014 through May 2015, less than the 12 months
> provided by statute. However, during that time,
> Defendant perpetrated fraud in the amount of over
> $100,000. During trial, Trooper Paige Kinneberg, who
> investigated the alleged fraud, testified that during the
> time frame of October 2014 to May of 2015, the victim
> wrote the Defendant 80 checks totaling close to
> $100,000. Additionally, Trooper Kinneberg testified that
> the victim had made out credit card charges to the
> Defendant in the amount of roughly $18,000. Based on
> that testimony, the jury could make a finding that the
> false pretenses totaled over $50,000.

***

> Trial counsel established that the Defendant
> misrepresented himself to the victim as someone who
> would and could provide home repair services that he
> either performed poorly or not at all. Defendant was
> ultimately paid over $100,000 for services that according
> to expert testimony by Curtis Stowe, were either never
> done, or done so inexpensively and poorly that the level
> of money paid far exceeded the amount of work done.
> Defendant represented to the victim that he was a home
> repair professional who required an excessive rate.
> Defendant, however, in fact failed to perform many jobs
> that he was paid to perform as established by expert
> testimony from Curtis Stowe.

*People v. Fritz*, No. 2015-013573-FH, *4-5 (Tuscola Cty. Cir. Ct. Nov. 18

2022) (ECF No. 10-15, PageID.894-95).   Petitioner's conviction was

affirmed on his direct appeal.  *People v. Fritz*, 2018 WL 843048, *lv. den.*

502 Mich. 904 (2018).

   Petitioner filed a post-conviction motion for relief from judgment pursuant

to Mich. Ct. R. 6.500, *et. seq.*  An evidentiary hearing was conducted on

Petitioner's claims on July 12, 2021.  The trial judge thereafter denied the motion.

*People v. Fritz*, No. 2015-013573-FH (Tuscola Cty. Cir. Ct. Oct. 4, 2021) (ECF

No. 10-18, PageID.1757-58).

   The Michigan Court of Appeals remanded the case to the trial court for

further findings of fact:

> Pursuant to MCR 7.205(E)(2), in lieu of granting the
> delayed application for leave to appeal, the Court
> VACATES the October 4, 2021 opinion and order
> denying defendant's motion for relief from judgment and
> REMANDS this case to the Tuscola Circuit Court for

> reconsideration of that motion. In the opinion and order,
> the trial court stated its determinations that defendant
> failed to demonstrate good cause and actual prejudice
> and that he had not shown ineffective assistance of trial
> and appellate counsel. However, following the
> evidentiary hearing, the trial court never set forth on the
> record its findings of fact and conclusions of law that
> supported its determinations. See MCR 6.508(E).

*People v. Fritz,* No. 359393 (Mich. Ct. App. May 5, 2022) (ECF No. 10-18,

PageID.1054).  Petitioner did not file an application for leave to appeal to

the Michigan Supreme Court from this order.  (ECF No. 10-22).

On remand, the trial court judge did a full recitation of the facts and

conclusions of law before again denying Petitioner's motion for relief from

judgment.  *People v. Fritz,* No. 2015-013573-FH (Tuscola Cty. Cir. Ct. Nov. 18

2022) (ECF No. 10-15).  The Michigan appellate courts denied Petitioner leave to

appeal.  *People v. Fritz*, No. 364452 (Mich. Ct. App. Apr. 17, 2023); *lv. den.* 512

Mich. 911 (2023), *reconsideration denied*, 513 Mich. 890, 996 (2023).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Insufficient evidence of false pretenses and ineffective
> assistance of trial and appellate counsel for failing to
> raise the issue.
>
> II. Improper admission of Michigan Rule of Evidence
> 404(b) evidence and ineffective assistance of trial and
> appellate counsel for failing to argue the inadmissibility
> of the evidence;
>
> III. Improper verdict form and ineffective assistance of
> trial and appellate counsel for failing to challenge the
> form; and

IV. Sentencing error based on Fritz's habitual offender
status and ineffective trial and appellate counsel for
agreeing to Fritz being sentenced as a habitual offender.

## II.     Standard of Review

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State
> court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or
>> involved an unreasonable application of, clearly
>> established Federal law, as determined by the
>> Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in light of the
>> evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court

on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when

"a state court decision unreasonably applies the law of [the Supreme Court] to the

facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the

6

writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

With the exception of a portion of Petitioner's second claim involving the admission of prior bad acts evidence, the bulk of Petitioner's claims were raised in his post-conviction motion for relief from judgment. In reviewing a claim under the AEDPA's deferential standard of review, this Court must review "the last state court to issue a reasoned opinion on the issue." *Hoffner v. Bradshaw*, 622 F. 3d 487, 505 (6th Cir. 2010) (quoting *Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005). The Michigan Court of Appeals and the Michigan Supreme Court both denied Petitioner's post-conviction application for leave to appeal in unexplained one-sentence orders. Accordingly, this court must "look through" these decisions to the Tuscola County Circuit Court opinion denying the motion for relief from judgment, which was the last state court to issue a reasoned opinion. Then, the

court can decide whether that court's adjudication of Petitioner's claims was "contrary to," or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See Hamilton v. Jackson*, 416 F. App'x 501, 505 (6th Cir. 2011). Although the state judge court judge procedurally defaulted the claims pursuant to Mich. Ct. R. 6.508(D)(3) because Petitioner failed to show cause and prejudice for failing to raise these claims on his appeal of right, the judge also denied the post-conviction claims on the merits, thus, the AEDPA's deferential standard of review applies to the opinion. *See Moritz v. Lafler*, 525 F. App'x 277, 284 (6th Cir. 2013).

## III.   DISCUSSION

### A.   The procedural default issue.

Respondent argues that Petitioner's claims, with the exception of the first portion of his second claim involving the alleged violation of Mich. R. Evid. 404(b) through the admission of prior bad acts evidence, are procedurally defaulted for two reasons.

Respondent first argues that the claims are procedurally defaulted in that Petitioner never fully exhausted them because he never filed an application for leave to appeal to the Michigan Supreme Court after the Michigan Court of Appeals remanded the case to the trial court to make specific findings of fact on Petitioner's post-conviction claims. Respondent further argues that because Petitioner no longer has any available state post-conviction remedies with which to

properly exhaust this claims, in that Mich. Ct. R. 6.502(G) prohibits successive motions for relief from judgment unless there is new evidence or a retroactive change in the law, Petitioner's claims are procedurally defaulted. *See Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995).

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not jurisdictional, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.*

Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. See *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, was required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he raised in his post-conviction motion. *See e.g. Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's

9

denial of his or her state post-conviction motion, but failed to do so, the petitioner has failed to exhaust all available state court remedies. *See Cox v. Cardwell,* 464 F.2d 639, 644-45 (6th Cir. 1972).

It is true that Petitioner did not file an application for leave to appeal to the Michigan Supreme Court after the Michigan Court of Appeals remanded the matter to the trial court for further proceedings. However, after the trial court on remand denied the post-conviction motion again, Petitioner did file an appeal with both the Michigan Court of Appeals and the Michigan Supreme Court.

Mich. Ct. R. 7.305(C)(5) gives a party to an appeal in Michigan the option, after the Michigan Court of Appeals has issued a judgment ordering a remand to the trial court, of seeking an immediate appeal of the Michigan Court of Appeals' decision or of waiting until proceedings following remand are completed, before seeking plenary appeal of all of the claims raised in the initial appeal. Mich. Ct. R. 7.305(C)(5)(c), in fact, states that a criminal defendant may file an application for leave to appeal to the Michigan Supreme Court within fifty-six days of:

> the Court of Appeals order or opinion disposing of the case following the remand procedure, in which case an application may be made on all issues raised initially in the Court of Appeals, as well as those related to the remand proceedings.

The Michigan Supreme Court has previously held that pursuant to Mich. Ct. R. 7.305's predecessor rule, Mich. Ct. R. 7.302(C)(4), a party to an appeal in Michigan has the option, after the Michigan Court of Appeals has issued a

judgment ordering a remand, of seeking an immediate appeal of the Michigan

Court of Appeals' decision or of waiting until proceedings following remand are

completed, before seeking plenary appeal of all of the claims raised in the initial

appeal. *See Michigan State AFL-CIO v. Michigan Civil Service Comm'n,* 455

Mich. 720, 731 (1997). Because Michigan law permits a criminal defendant to

await the conclusion of his post-conviction proceeding on remand with the Tuscola

County Circuit Court before seeking review of all of his post-conviction claims in

the Michigan Supreme Court, Petitioner's claims were properly exhausted on post-

conviction review. *Cristini v. McKee*, 2006 WL 5720343, at \*11 (E.D. Mich. Mar.

28, 2006), *rev'd on other grds*, 526 F.3d 888 (6th Cir. 2008).

Respondent further urges this Court to procedurally default these claims

because Petitioner failed to show cause and prejudice, as required by Mich. Ct. R.

6.508(D)(3), for failing to raise them on his appeal of right. Petitioner argues that

appellate counsel was ineffective for failing to raise his claims on his appeal of

right. Ineffective assistance of counsel may establish cause for procedural default.

*Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

A defendant must satisfy a two-prong test to establish the denial of the

effective assistance of counsel. First, the defendant must show that, considering all

of the circumstances, counsel's performance was so deficient that the attorney was

not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*

*v. Washington*, 466 U.S. 668, 687 (1984). The defendant must overcome a strong

11

presumption that counsel's behavior lies within the wide range of reasonable

professional assistance. *Id*. In other words, the defendant must overcome the

presumption that, under the circumstances, the challenged action might be sound

trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that

such performance prejudiced his defense. *Id*. To demonstrate prejudice, the

defendant must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."

*Strickland*, 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the

burden on the defendant who raises a claim of ineffective assistance of counsel,

and not the state, to show a reasonable probability that the result of the proceeding

would have been different, but for counsel's allegedly deficient performance. *See*

*Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as

well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,*

395 F.3d 602, 617 (6th Cir. 2005).[1]

Given that the cause and prejudice inquiry for the procedural default issue

merges with an analysis of the merits of Petitioner's defaulted claims, it would be

easier to consider the merits of the claims. *See Cameron v. Birkett,* 348 F. Supp.

2d 825, 836 (E.D. Mich. 2004). Moreover, Petitioner could not procedurally

default his ineffective assistance of appellate counsel claim because post-

---

[1] To avoid repetition, the court will not repeat the *Strickland* standard when addressing each of Petitioner's individual ineffective assistance of counsel claims.

conviction review was the first opportunity he had to raise this claim.  *See*

*Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

**B.    Claim # 1. The insufficiency of evidence/ineffective assistance of counsel claim.**

Petitioner first argues that there was insufficient evidence to support his

conviction for false pretenses of $50,000 or more but less than $100,000.  He

further argues that trial counsel was ineffective for failing to challenge the

sufficiency of evidence at trial and that appellate counsel was ineffective for failing

to raise this claim on his appeal of right.

It is beyond question that "the Due Process Clause protects the accused

against conviction except upon proof beyond a reasonable doubt of every fact

necessary to constitute the crime with which he is charged."  *In Re Winship,* 397

U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the

evidence to support a criminal conviction is, "whether the record evidence could

reasonably support a finding of guilt beyond a reasonable doubt."  *Jackson v.

Virginia*, 443 U.S. 307, 318 (1979).  A court need not "ask itself whether *it*

believes that the evidence at the trial established guilt beyond a reasonable doubt."

*Id*. at 334 (quoting *Woodby v. INS*, 385 U.S. 276, 282 (1966)).  Instead, "the

relevant question is whether, after viewing the evidence in the light most favorable

to the prosecution, *any* rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt." *Id.* at 319 (internal citation and footnote omitted) (emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Under Michigan law, the elements of false pretenses are: (1) a false representation concerning an existing fact, (2) knowledge by the defendant that the representation is false, (3) use of the representation with an intent to deceive, and (4) detrimental reliance by the victim. *People v. Reigle*, 223 Mich. App. 34, 37–38 (1997). Petitioner first argues that there was insufficient evidence presented that

14

the total value of the money taken in this case exceeded $50,000. Mich. Comp.

Laws § 750.218(8) indicates that:

> The values of land, interest in land, money, personal
> property, use of the instrument, facility, article, or
> valuable thing, service, larger amount obtained, or
> smaller amount sold or disposed of in separate incidents
> pursuant to a scheme or course of conduct within any 12–
> month period may be aggregated to determine the total
> value involved in the violation of this section.

The judge on post-conviction review denied this portion of the sufficiency of

evidence claim, finding that the evidence presented showed that Petitioner, in the

aggregate, had stolen over $ 100,000.00 from the victim in a seven-month period:

> The information provides for a time from of October
> 2014 through May 2015, less than the 12 months
> provided by statute.  However, during that time,
> Defendant perpetrated fraud in the amount of over
> $100,000.  During trial, Trooper Paige Kinneberg, who
> investigated the alleged fraud, testified that during the
> time frame of October 2014 to May of 2015, the victim
> wrote the Defendant 80 checks totaling close to
> $100,000.  Additionally, Trooper Kinneberg testified that
> the victim had made out credit card charges to the
> Defendant in the amount of roughly $18,000.  Based on
> that testimony, the jury could make a finding that the
> false pretenses totaled over $50,000.

*People v. Fritz*, No. 2015-013573-FH,  at * 4 (ECF No. 10-15, PageID.894).

Because Mich. Comp. Laws § 750.218(8) allows a prosecutor to aggregate

separate, but related, incidents of fraud or theft that occur within any twelve-month

period, the evidence that Petitioner committed related incidents of fraud within

seven months totally more than $100,000.00 satisfied the monetary threshold for

the false pretense charge.  *People v. Raisbeck*, 312 Mich. App. 759, 764–65 and n. 11 (2015).

Petitioner next contends that there was insufficient evidence to establish the elements of false pretenses because the evidence, at best, showed only that he had overcharged the victim.  Petitioner points to the case *People v. Marks*, 12 Mich. App. 690, 692 (1968), in which the Michigan Court of Appeals held that the mere overcharging of a person for goods or services does not amount to false pretenses. In *People v. Wilde*, 42 Mich. App. 514 (1972), the Michigan Court of Appeals distinguished between misrepresentations of opinion and misrepresentations of fact.  Relying on *Marks*, the Michigan Court of Appeals in *Wilde* noted that misrepresentations of value as to goods or services "merely involves an inflated opinion as to the value of his services."  *People v. Wilde*, 42 Mich. App. at 518. The court noted:

> As offensive as cases involving people being duped by gross misrepresentations of value may be, the Legislature has failed to make such chicanery a crime. Thus, the label 'overcharge' is applied to those cases involving indefensible departures in a person's opinion of the value of his services from the established standard.

*People v. Wilde*, 42 Mich. App. at 518.

The Michigan Court of Appeals indicated that misrepresentations of fact, on the other hand, are prohibited by the false pretenses statute:

> Misrepresentations of fact, on the contrary, offer an area
> for abuses in which the State should enter.  Persons
> relying upon misrepresentations of fact are no longer
> placed upon notice that the inducement is subject to the
> speaker's whim or caprice since they are regarded as
> truths.  The confidence placed in alleged facts and the
> diminished ability of people to protect themselves against
> fabricated facts require criminal sanctions to diminish the
> number of frauds.  This distinction between
> misrepresentations of opinion and fact provide the
> vehicle for distinguishing between 'overcharges' and
> false pretenses.

*People v. Wilde*, 42 Mich. App. at 518–19 (internal footnote omitted).

In *Wilde,* the Michigan Court of Appeals held that where repair estimates which were used to procure insurance payments contained inflated prices for necessary repair work, they fell within the opinion category involving misrepresentations of value, but where the repair estimates included a $60 charge for nonexistent repair work to a trunk lid, that conduct, if true, involved a misrepresentation of fact upon which charge of false pretenses could be sustained. *Id.* at 519.

The judge on post-conviction review, relying on *Wilde*, concluded that there was sufficient evidence to sustain the false pretenses conviction, because the evidence showed that Petitioner failed to perform many of the jobs that he was paid to do or performed them "so inexpensively and poorly that the level of money paid far exceeded the amount of work done."  *People v. Fritz*, No. 2015-013573-FH, at * 5 (ECF No. 10-15, PageID.895).  The judge further noted that this failure

to perform or complete certain jobs that Petitioner agreed to do was established by expert witness Stowe. *Id.* The court further noted that Petitioner had misrepresented to the victim that he knew how to provide home repairs and would provide these repairs. *Id.* at * 5-6 (ECF No. 10-15, PageID.895-96). In the court's view, the trial judge's conclusions that there was sufficient evidence to support the conviction for false pretenses are reasonable, precluding habeas relief.

Petitioner claims that trial counsel was ineffective for failing to challenge the sufficiency of evidence in the trial court. It is unclear what Petitioner means by that because trial counsel did argue to the jurors that they should acquit Petitioner because the prosecutor failed to prove the elements of false pretenses beyond a reasonable doubt. Moreover, under Michigan law, a defendant is not required to take any steps to preserve a sufficiency of the evidence claim for appeal, so there was no need for trial counsel to raise an objection to the sufficiency of the evidence to preserve the claim. *See People v. Cain,* 238 Mich. App 95, 116–117 (1999). To the extent that Petitioner argues that trial counsel was ineffective for failing to move for a directed verdict on the false pretenses charge, there was sufficient evidence to support this charge, thus trial counsel's failure to move for a directed verdict did not amount to ineffective assistance of counsel. *Maupin v. Smith*, 785 F. 2d 135, 140 (6th Cir. 1986); *see also Hurley v. United States*, 10 F. App'x 257, 261 (6th Cir. 2001).

Petitioner also claims that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on the false pretenses conviction. Petitioner failed to show that the evidence was insufficient to convict on this charge.  Accordingly, appellate counsel was not ineffective for failing to challenge the sufficiency of evidence for this claim on Petitioner's appeal of right.  *See Hand v. Houk*, 871 F.3d 390, 415-16 (6th Cir. 2017).  Petitioner is not entitled to relief on his first claim.

### C.   Claim # 2. The prior bad acts evidence claim and related ineffective assistance of counsel claims.

Petitioner next contends that the trial court violated Mich. R. Evid. 404(b) by allowing the prosecution to admit Ms. Cummings' testimony because her allegations were not sufficiently similar to the victim's allegations in this case to be admissible under Mich. R. Evid. 404(b) and thus this testimony was admitted for the improper purpose of showing that Petitioner had the propensity to commit the charged offense.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Thus, errors in the application of state law, especially rulings regarding

the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the state court violated Mich. R. Evid. 404(b) or any other provision of state law by admitting improper character evidence or evidence of prior bad acts is non-cognizable on habeas review.  *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990) (admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process).  The admission of this "prior bad acts" or "other acts" evidence against Petitioner at his state trial would not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence.  *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Petitioner further contends that trial counsel was ineffective for failing to object to the admission of Ms. Cummings' testimony.  While acknowledging that appellate counsel did argue on his appeal of right that Ms. Cummings' testimony was not admissible under Mich. R. Evid. 404(b), Petitioner argues that appellate

counsel was ineffective because he did not argue that Ms. Cummings' testimony

was inadmissible because her allegations were dissimilar to the victim's allegations

in this case.

The Michigan Court of Appeals on Petitioner's appeal if right concluded that

Ms. Cummings' testimony was admissible for a proper purpose under Mich. R.

Evid. 404(b) to show Petitioner's intent or his common scheme of defrauding

customers, not just that he had a propensity to cheat his customers. *People v. Fritz*,

2018 WL 843048, at * 4.  The Michigan Court of Appeals appeared to suggest that

Ms. Cummings' allegations were similar enough to the victim's allegations to be

admissible:

> Cummings' testimony that she had a similar encounter
> with defendant, where he cheated her by performing
> substandard work and refusing to provide her with
> documentation until he completely disappeared, made it
> more likely that defendant also *intended* to cheat
> Batterbee in the same manner, or that this was a *common
> scheme or plan* of his.

*Id.* (emphasis original).

On post-conviction review, the trial judge concluded that there were

sufficient similarities between Cummings' allegations and the victim's allegations

to admit Cummings' testimony under Mich. R. Evid. 404(b):

> In Cummings like in Batterbee, Defendant failed to or
> poorly performed home improvement work on the
> victim's home. Defendant was paid for this work. As a
> result, Cummings obtained a judgment against Defendant
> for several thousands of dollars. Considering the

> similarities between the two cases, the Court did not
> abuse its discretion in admitting the evidence. Therefore,
> good cause would not exist as it pertains to this issue.

*People v. Fritz*, No. 2015-013573-FH,  at * 6 (ECF No. 10-15, PageID.896).

In the present case, the state court's determination that Petitioner was not denied the effective assistance of trial or appellate counsel because of trial counsel's failure to object to the admission of this "bad acts" evidence or appellate counsel's failure to frame the issue differently on Petitioner's direct appeal was not contrary to, or an unreasonable application of, clearly established federal law, and thus did not warrant federal habeas relief, in light of the Michigan Court of Appeals' finding on the appeal of right and the trial judge finding on post-conviction review that this "bad acts" evidence was admissible under Michigan law.  *See Pearl v. Cason,* 219 F. Supp. 2d 820, 828-29 (E.D. Mich. 2002).  Counsel is not ineffective for failing to object to admissible evidence.  *See United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005).  Petitioner is not entitled to relief on his second claim.

**D.    Claim # 3. The improper verdict form/ineffective assistance of counsel claim.**

In his third claim, Petitioner argues that the verdict form was deficient because the jury was not allowed to return a general verdict of not guilty. Petitioner was charged with false pretenses of between $50,000.00 and $100,000.00 and alternatively charged with false pretenses of between $20,000.00

and $50,000.00.  Petitioner claims that the verdict form encouraged or pressured the jury into finding him guilty of one of the two false pretenses offenses because it did not contain a general verdict of not guilty.  Petitioner also claims that trial counsel was ineffective for failing to object to the improper verdict form and that appellate counsel was ineffective for failing to raise the improper verdict form claim on his appeal of right.  Respondent argues that Petitioner's verdict form claim is waived because Petitioner did not object to the verdict form at trial.

Waiver is an "'intentional relinquishment of a known right.'"  *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).  A criminal defendant who has waived his rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error."  *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996) (citing *Olano*, 507 U.S. at 733-34); *see also Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012) ("waiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors").  "When one knowingly waives his charged error, that challenge is forever foreclosed, and cannot be resurrected on appeal."  *Morgan v. Lafler*, 452 F. App'x 637, 646, n. 3 (6th Cir. 2011) (citing *United States v. Saucedo*, 226 F.3d 782, 787 (6th Cir. 2000)).

In the present case, counsel did not object to the verdict form or the instructions.  (ECF No. 10-9, PageID.667).  A defendant in a criminal case cannot complain of error which he has invited.  *Shields v. United States*, 273 U.S. 583,

586 (1927).  When a petitioner invites an error in the trial court, he is precluded

from seeking habeas corpus relief for that error.  *See Fields v. Bagley*, 275 F.3d

478, 486 (6th Cir. 2001).  Petitioner would not be entitled to relief on this claim for

this reason alone.

In any event, a misstatement in a verdict form does not entitle a petitioner to

habeas relief unless it infects the entire trial so as to violate due process.  *Hill v.*

*Mitchell*, 400 F.3d 308, 328-29 (6th Cir. 2005).  Any flaws in a verdict form will

not violate a habeas petitioner's right to due process where both the verdict form

and the jury instructions as given state the correct law.  *Id.*

The trial judge rejected Petitioner's claim on post-conviction review:

> Finally, Defendant argues that counsel failed to identify a
> flaw in the verdict form that did not give the jury the
> opportunity to return a general verdict of not guilty.
> Defendant argues that the verdict form mandated a guilty
> verdict because the jury was informed to pick only one of
> four options.  If the jury wanted to return a not guilty
> verdict on both counts, they could not.  This account by
> Defendant is false.  Per the Verdict Form, the jury was
> instructed that it may only return one verdict as to Counts
> I and II.  One of those verdicts was a general verdict of
> not guilty.  Additionally, the Court instructed the jury
> prior to deliberation of this.  Finally, the jury was polled
> individually as to his or her specific verdicts, which
> revealed that the jury was unanimous in returning a guilty
> verdict.  At that point, no juror presented reservations or
> confusion about the verdict instrument.  The verdict form
> was not flawed.

*People v. Fritz*, No. 2015-013573-FH, at * 6-7 (ECF No. 10-15, PageID.896-97).

The jury verdict form provided for a general verdict of not guilty as to both counts I and II.  It further instructed the jury to return only one verdict as to counts I and II.  (ECF No. 10-12, PageID.748).  The form gave the jury the opportunity to find Petitioner not guilty and instructed the jury that they must choose a verdict as to either count I or count II.  The trial court went on to remind the jury of this during the jury instructions.  (ECF No. 10-9, PageID.667).  And the jury appears to have followed this instruction because it only marked a verdict as to count I and did not mark the verdict as to count II.  (*Id.*, PageID.668-71).  In the present case, the verdict form did not violate due process because it expressly advised Petitioner that he was charged with two counts of false pretenses, that he may be found not guilty under both counts, and that he may be convicted under either one count or the other but not both.  *See State v. Markle*, 118 Wash. 2d 424, 437 (1992).

Because the verdict form here was correct, trial counsel was not deficient for failing to object nor was appellate counsel ineffective for failing to raise this claim on Petitioner's appeal of right.  Moreover, in light of the overwhelming evidence of Petitioner's guilt, he is unable to establish that he was prejudiced by trial counsel's failure to object to the verdict form or for appellate counsel to raise this claim on appeal, thus, Petitioner's related ineffective assistance of counsel claim must be rejected.  *Hill v. Mitchell*, 400 F.3d at 330.  Petitioner is not entitled to relief on his third claim.

**E.    Claim # 4. The habitual offender charge/ineffective assistance of counsel claim.**

Petitioner finally argues that the habitual offender notice was not timely served on the defense, as required by Mich. Comp. Laws § 769.13, in that it was not properly served on defense counsel because it incorrectly states the address on which counsel was served.  Petitioner argues that the habitual offender charge and resulting enhanced sentence should be set aside.  He also argues that trial counsel was ineffective for failing to object to the untimely notice and appellate counsel was ineffective for failing to raise the claim on his appeal of right.

Petitioner's claim involving the application of Michigan's habitual offender laws is non-cognizable on habeas review, because it involves an application of state law.  *See Rodriguez v. Jones*, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); *Grays v. Lafler*, 618 F. Supp. 2d 736, 751 (W.D. Mich. 2008).  Petitioner's claim that he received inadequate notice of the habitual offender charge under Michigan law thus does not state a claim that is cognizable in federal habeas review.  *See Tolbert v. LeCureaux*, 811 F. Supp. 1237, 1240-41 (E.D. Mich. 1993).  Due process does not require advance notice that a trial on a substantive criminal charge will be followed by an habitual offender charge.  Due process only requires that a defendant be given a reasonable notice and opportunity to be heard relative to the habitual offender charge.  *Oyler v. Boles,* 368 U.S. 448, 452 (1962).

Petitioner did not dispute, either at his sentencing, or more importantly, in his habeas petition, that he had prior convictions that would make him eligible to be sentenced as an habitual offender, nor did he object or seek a continuance based on the absence of advance notice of the sentence enhancement. Therefore, Petitioner cannot complain that he was denied due process. *Oyler*, 368 U.S. at 453-54.

Petitioner's claim also fails because the trial judge, in rejecting Petitioner's claim, found that although the proof of service incorrectly indicated that the enhanced sentence notice had been sent to defense counsel's courthouse mailbox, counsel had actually timely received notice of the habitual offender notice at his office via regular mail. *People v. Fritz,* No. 2015-013573-FH, * 4 (ECF No. 10-15, PageID.894).

A federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut this presumption. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). The judge on post-conviction review found that Petitioner was given proper and timely notice of the prosecutor's notice of intent to enhance sentence. Because this finding is fairly supported by the record, it is entitled to the presumption of correctness. Petitioner is not entitled to habeas relief because he has failed to rebut this finding with clear and convincing evidence to the contrary. *See Winfield v. Lafler*, 2005 WL 2127420, at * 9 (E.D. Mich. Aug.

31, 2005).  Because the sentencing enhancement was timely filed under Michigan law, neither trial nor appellate counsel was ineffective for failing to object to the sentencing enhancement.  *See e.g. Cummings v. United States*, 84 F. App'x 603, 605 (6th Cir. 2003).  Petitioner is not entitled to habeas relief on his fourth claim.

## IV.  Conclusion

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).  However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an

appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal.  *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V.  <u>ORDER</u>

Based upon the foregoing, **IT IS ORDERED** that:

(1) the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*


<u>s/F. Kay Behm</u>
F. Kay Behm
Date: October 16, 2024          United States District Judge